Filed 12/20/21  P. v. Valle CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>RAUL ANTONIO VALLE,<br><br>       Defendant and Appellant. | A162298<br><br><br><br>(Marin County<br>Super. Ct. No. SC039946A) |

Defendant Raul Antonio Valle and his former codefendant Cruz Alberto Mendoza were convicted in 1994 of robbery-burglary special-circumstance murder.  Defendant was sentenced to life in prison without possibility of parole, a judgment affirmed on appeal up to the California Supreme Court. (See *People v. Mendoza* (2000) 23 Cal.4th 896, 900 (*Mendoza*).)

In 2020, defendant petitioned for relief under newly enacted Penal Code section 1170.95,[1] a provision allowing a person, such as himself, convicted of felony murder under a now invalidated theory of accomplice liability to seek resentencing.  (See Sen. Bill No. 1437 (2017–2018 Reg. Sess.) (Sen. Bill 1437).)

The trial court summarily denied defendant's petition on the grounds that he was barred from relief under section 1170.95 based on the jury's

---

[1] Unless otherwise stated all statutory citations are to the Penal Code.

special circumstance finding that he was either the actual killer or an aider and abettor who, with the intent to kill, aided, abetted, or assisted in the commission of the murder or, with reckless indifference to human life and as a major participant, aided, abetted, or assisted in the commission of a robbery or burglary that resulted in someone's death. (See § 190.2, subds. (b)–(d).)

For reasons that follow, we reject the trial court's legal premise that a defendant convicted of special circumstance felony murder is automatically barred from obtaining resentencing relief under section 1170.95. The special circumstance finding in defendant's case was made before the California Supreme Court issued two opinions (*People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*)) that redefined the circumstances under which a defendant, such as ours, could be convicted of special circumstance felony murder. Read together, *Banks* and *Clark* identify factors for the jury to consider in determining whether a defendant was a "major participant" who acted with "reckless indifference" in the course of a felony murder. (*Banks, supra*, at p. 803; *Clark, supra*, at pp. 618–623.) In this case, no court has ever determined that, under *Banks* and *Clark*, the special circumstance finding against defendant was supported by sufficient evidence. (*People v. Secrease* (2021) 63 Cal.App.5th 231, 256, review granted June 30, 2021, S268862 (*Secrease*).) While this court could theoretically make this legal determination in the first instance, we lack a sufficient record on appeal to do so.

Accordingly, we remand this matter to the trial court to determine on an appropriate record whether the special circumstance finding against defendant is supported by sufficient evidence when considered in light of *Banks* and *Clark* and if not, to review his petition in accordance with section

2

1170.95, subdivision (c) (as amended effective January 1, 2022)[2] to determine whether he may be entitled to resentencing relief. As explained *post*, if defendant's special circumstance is invalid under *Banks/Clark*, a prima facie case could be made that his murder conviction is no longer valid under sections 188 and 189, as amended by Sen. Bill 1437.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Defendant's Conviction.*

The following facts are taken from *Mendoza, supra*, 23 Cal.4th 896, the California Supreme Court's opinion affirming the Court of Appeal's upholding of the convictions of defendant and codefendant Mendoza.

On September 22, 1992, defendant and Mendoza were indicted for " '[m]urder in violation of Section 187(A),' second degree robbery (§ 211), and burglary (§ 459). These charges arose out of the killing of Pastor Dan Elledge at The Lord's Church in Novato, California. As special circumstances for sentencing purposes, the indictment also alleged that defendants committed murder while they were engaged in committing robbery and burglary. (§ 190.2, subd. (a)(17).)" (*Mendoza, supra*, 23 Cal.4th at p. 900.) On defendants' motion, the prosecution presented its evidence against defendants simultaneously to separate juries. "As to both defendants, the prosecution's only murder theory was that Valle and Mendoza shot and killed Pastor Elledge while burglarizing and robbing The Lord's Church (as one in a series of church robberies)." (*Ibid.*)

"At trial, Valle conceded his guilt of all substantive charges but contested the special circumstances allegations. Thus, he *admitted* having committed first degree felony murder (as well as burglary and robbery) with Mendoza at The Lord's Church. However, he maintained Mendoza had fired

[2] Stats. 2021, ch. 551, § 2.

the fatal gunshots.  Based on this contention, Valle also argued that at the time of the murder, he lacked the mental state a mere participant must have for a true finding on the special circumstances allegations.  In making this argument, he relied on evidence that at the time of the murder, he suffered from posttraumatic stress syndrome related to prior combat experiences in El Salvador."[3] (*Mendoza, supra*, 23 Cal.4th at p. 904.)

"Consistent with the prosecution's theory and Valle's defense, the trial court instructed Valle's jury only on first degree felony murder as follows: 'The defendant is accused in Count One of the Indictment of having committed the crime of murder, a violation of Penal Code Section 187. [¶] Every person who unlawfully kills a human being during the commission or attempted commission of robbery or burglary, is guilty of the crime of murder, in violation of Section 187 of the Penal Code. [¶] In order to prove such crime, each of the following elements must be proved:  First, a human being was killed; second, the killing was unlawful; and third, the killing occurred during the commission or attempted commission of robbery or burglary. [¶] The unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs during the commission or attempted commission of the crime of robbery or burglary, is murder of the first degree when the perpetrator had the specific intent to commit such crime. [¶] The specific intent to commit robbery or burglary and the commission or attempted commission of such crime must be proved beyond a reasonable doubt. [¶] In order for an accused to be guilty of murder as an aider and abettor of a burglary, he must have formed the intent to encourage or facilitate the perpetrator prior to or at the time the perpetrator entered

---

[3] The prosecution theorized that defendant was the actual killer of Pastor Dan Elledge.  (*Mendoza, supra*, 23 Cal.4th at p. 905.)

[T]he Lord's Church with the required specific intent. [¶] For an accused to be guilty of . . . murder, as an aider and abettor to a robbery, he must have formed the intent to encourage or facilitate the robbery prior to or during the commission of the robbery. [¶] If a human being is killed by any one of several persons engaged in the commission or attempted commission of the crime of robbery or burglary, all persons who either directly or actively commit the act constituting such crimes, or with knowledge of the unlawful purpose of the perpetrator of the crimes, and with the intent or purpose of committing, encouraging or facilitating the commission of the offenses, aids, promotes, encourages or instigates by act or advice its commission, are guilty of murder of the first degree whether the killing is intentional, unintentional, or accidental. [¶] If you find the defendant in this case guilty of murder of the first degree, you must determine if one or more of the [alleged] special circumstances are true or not true.'" (*Mendoza, supra*, 23 Cal.4th at pp. 904–905.)

"The jury found Valle 'guilty of the offense charged in Count I, a felony, to wit, murder in violation of Section 187(a) . . . .' It also found him guilty of second degree robbery and burglary, and found true the special circumstances allegations that he had committed the murder while committing robbery and burglary. . . . At the penalty phase of the trial, the jury found that Valle's penalty should be life in prison without possibility of parole, rather than death. The trial court subsequently entered a judgment against Valle for first degree murder and sentenced him in accordance with the jury's finding. The Court of Appeal affirmed the judgment," as did our Supreme Court. (*Mendoza, supra*, 23 Cal.4th at p. 907.)

5

**B.** *Postconviction Legal Changes.*

    1.    *Banks*, *Clark* **and Their Progeny.**

The special circumstance statute, "[s]ection 190.2, subdivision (d)[,] states in relevant part that 'every person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of parole if a special circumstance enumerated in paragraph (17) of subdivision (a) has been found to be true under Section 190.4.' By its terms, subdivision (d) 'imposes both a special actus reus requirement, major participation in the crime, and a specific mens rea requirement, reckless indifference to human life.' (*Banks, supra*, 61 Cal.4th at pp. 798–799.)" (*In re Moore* (2021) 68 Cal.App.5th 434, 446 (*Moore*).)

In 2015, the California Supreme Court in *Banks* considered when a defendant's participation in a felony murder could be deemed "major" for purposes of section 190.2, subdivision (d), identifying the following factors as relevant: (1) the defendant's role in planning the criminal enterprise that led to one or more deaths; (2) his or her role in supplying or using lethal weapons; (3) whether he or she was aware of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants; (4) whether the defendant was present at the scene of the killing; (5) whether he or she was in a position to facilitate or prevent the actual murder; (6) whether his or her own actions or inaction play a particular role in the death; and (7) the defendant's response to the use of

6

lethal force. (*Banks, supra*, 61 Cal.4th at p. 803.) The court counseled, "No one of these considerations is necessary, nor is any one of them necessarily sufficient. All may be weighed in determining the ultimate question, whether the defendant's participation 'in criminal activities known to carry a grave risk of death' [citation] was sufficiently significant to be considered 'major' [citations]." (*Ibid.*)

In *Clark, supra,* in 2016, the court focused on whether a defendant could be found to have acted with " 'reckless indifference to human life,' " a term possessing an objective and a subjective component. As to the subjective component, reckless indifference "encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions." (63 Cal.4th at p. 617.) As to the objective component, " '[t]he risk [of death] must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him [or her], its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.' " (*Ibid.*, quoting Model Pen. Code, § 2.02, subd. (2)(c).) Thus, in considering whether a defendant acted with reckless indifference, the court found the following factors relevant (many of which overlap with the *Banks* factors): (1) whether the defendant used a weapon or knew a weapon would be used during the felony; (2) how many weapons were used; (3) whether the defendant was physically present at the scene; (4) whether the defendant had the opportunity to restrain the crime or aid the victim; (5) the duration of the interaction between the perpetrators of the felony and the victims; (6) whether the defendant knew his or her confederate's propensity for violence or likelihood of using lethal force; and (7) what efforts, if any, the defendant made to

minimize the risks of violence during the felony.  (*Clark, supra*, at pp. 618–623.)  As before, " '[n]o one of these considerations is necessary, nor is any one of them necessarily sufficient.' "  (*Id.* at p. 618, quoting *Banks, supra*, 61 Cal.4th at p. 803.)

A recent California Supreme Court decision addressed the postconviction relief available to a defendant, such as ours, convicted of special circumstance felony murder before *Banks / Clark*.  "Where a decision clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision.  [Citation.]  'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error . . . .' "  (*In re Scroggins* (2020) 9 Cal.5th 667, 673–674.)  If there is no material dispute as to the facts underlying the conviction and it appears the statute under which the defendant was convicted did not prohibit his or her conduct, he or she may be entitled to postconviction relief.  (*Id.* at p. 674.)

### 2. Sen. Bill 1437.

In 2018, the Legislature enacted Sen. Bill 1437 to amend sections 188 and 189 to restrict murder liability based on felony murder or natural and probable consequences theories.  (Stats. 2018, ch. 1015, §§ 1–3.)  Sen. Bill 1437 also added section 1170.95 (Stats. 2018, ch. 1015, § 4), under which a person convicted of felony murder or murder under a natural and probable consequences theory is eligible to have his or her murder conviction vacated and to be resentenced on any remaining counts if the following conditions are met:  "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony

8

murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

## C.    Defendant's Petition for Resentencing (§ 1170.95).

Defendant filed a petition under section 1170.95 on January 3, 2020. The petition included a declaration asserting that he was convicted of first degree murder under the felony murder rule or the natural and probable consequences doctrine and could not be convicted of first degree murder under the newly amended version of section 188 or 189.

On January 29, 2020, counsel was appointed to represent defendant for purposes of his petition. On July 17, 2020, defendant's appointed counsel filed an amended petition for resentencing, the operative petition on appeal. This petition included a declaration from counsel clarifying that defendant could not be convicted of murder under the newly amended versions of sections 188 and 189 because he was not the actual killer; did not, with the intent to kill, aid, abet, counsel, command, solicit, request, or assist the actual killer in the commission of murder; and was not a major participant who acted with reckless indifference to human life during the course of the felonies of robbery and burglary.

On February 11, 2021, the trial court heard argument from counsel before denying defendant's petition. The trial court found defendant failed to establish a prima facie case of entitlement to relief under section 1170.95,

subdivision (c) due to the jury's true finding on the felony murder special circumstance. This timely appeal followed.

## DISCUSSION

Defendant contends the trial court erred when ruling as a matter of law that a jury's felony-murder special-circumstance finding precludes relief under section 1170.95, subdivision (c). The following legal framework is not in dispute.

"The determination of prima facie entitlement to relief dictates whether an order to show cause issues and an evidentiary hearing is set. On this point, section 1170.95, subdivision (c) is phrased in mandatory terms. (§ 1170.95, subd. (c) ['If the petitioner makes a prima facie showing that he or she is entitled to relief, the court *shall* issue an order to show cause.' (italics added)].) At the evidentiary hearing, either party may present new or additional evidence probative of whether the petitioner may be validly convicted of murder under current law, and the prosecution bears the burden of proof under a reasonable doubt standard. (§ 1170.95, subd. (d)(3).)" (*Secrease, supra*, 63 Cal.App.5th at p. 243, review granted.)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.]

10

'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

"Appellate opinions . . . are generally considered to be part of the record of conviction. [Citation.] However, . . . the probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' [Citation.] In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' . . . [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Lewis, supra*, 11 Cal.5th at p. 972.)

On appeal, "[b]ecause we are tasked with applying the section 1170.95, subdivision (c) governing prima facie entitlement to relief [citation], our review is de novo. [Citation.] As with any case involving statutory interpretation, our primary goal is to ascertain and effectuate the lawmakers' intent." (*Secrease, supra*, 63 Cal.App.5th at p. 244, review granted.)

## I. *A pre-Banks/Clark special circumstance finding does not automatically bar a defendant from obtaining section 1170.95 resentencing relief.*

The People's primary argument is twofold. The People argue the legal issue whether a pre-*Banks/Clark* special circumstance finding is supported by sufficient evidence must be raised in a petition for writ of habeas corpus, with the defendant bearing the burden of proof (*In re Scoggins, supra*, 9 Cal.5th at pp. 673–674), rather than in a section 1170.95 petition. Additionally, the People point to the fact that section 189, as amended, authorizes a defendant who was not the actual killer to be convicted of felony murder under the same circumstances delineated in section 190.2—to wit,

when the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2" (§ 189, subd. (e)(3)).[4] Here, the jury was instructed that to find the special circumstance true under section 190.2, subdivision (a)(17), it had to find that defendant was the actual killer, that he aided and abetted the murder with the intent to kill, *or* that he aided and abetted the robbery-burglary that led to the victim's death while acting as a major participant with reckless indifference to human life. The People thus argue that the jury's special circumstance finding establishes as a matter of law that defendant could still be convicted of felony murder under the new version of section 189, which precludes him from making a prima facie case under section 1170.95, subdivision (c).

Several courts have adopted the People's reasoning, and the issue is presently pending before the California Supreme Court in *People v. Strong*, review granted March 10, 2021, S266606. (See, e.g., *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1141–1144, review granted Oct. 14, 2020, S264284 [remedy of habeas corpus must be sought in the first instance, as it is not the changes to §§ 188 & 189 that potentially render a defendant's murder conviction invalid under current law but, rather, the *Banks* and *Clark* decisions]; *People v. Murillo* (2020) 54 Cal.App.5th 160, 168–169, review granted Nov. 18, 2020, S264978; *People v. Gomez* (2020) 52 Cal.App.5th 1, 13–15, review granted Oct. 14, 2020, S264033.)

Other courts, including our First Appellate District, Division Four colleagues in *Secrease*, have disagreed with this reasoning. These courts hold

---

[4] Section 189, subdivision (e)(3) provides in relevant part that to be liable for felony murder, a defendant must be "a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

that a pre-*Banks/Clark* special circumstance finding does not by itself defeat a defendant's prima facie showing under section 1170.95, even if the defendant has not collaterally attacked the finding by habeas corpus. (See, e.g., *Secrease, supra*, 63 Cal.App.5th at pp. 254–256, review granted; *People v. Arias* (2021) 66 Cal.App.5th 987, 1004 ["we are persuaded by the logic of the courts that have concluded pre-*Banks* and *Clark* felony-murder special-circumstance findings do not categorically preclude defendants from obtaining resentencing relief under section 1170.95"], review granted Sept. 29, 2021, S270555; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1179–1180, review granted June 24, 2020, S262011 (*Torres*).)

"Other courts do not impose a requirement that a section 1170.95 petitioner who seeks resentencing in the face of a prior jury finding under section 190.2, subdivision (a)(17) must first obtain habeas corpus relief, and hold that he may opt to pursue relief by attacking his murder conviction—not his special circumstance finding—on the ground that, under current law as revised by Senate Bill 1437, he could no longer be convicted of murder. (*Torres, supra*, 46 Cal.App.5th at pp. 1179–1180, review granted; [*People v.*] *Smith* [(2020)] 49 Cal.App.5th [85,] 93–94, review granted [July 22, 2020, S262835]; [*People v.*] *York* [(2020)] 54 Cal.App.5th [250,] 259–261, review granted [Nov. 18, 2020, S264954]; [*People v.*] *Harris* [(2021)] 60 Cal.App.5th [939,] 956–958[, review granted Apr. 28, 2021, S267802].) According to these courts, if the petitioner obtains vacatur of a prior special circumstance finding in a section 1170.95 proceeding, that is because the statute expressly requires it as a 'collateral consequence' of the resentencing relief to which a successful section 1170.95 petitioner is entitled. (*York, supra*, 54 Cal.App.5th at p. 260, review granted.) [¶] These courts see no basis to graft what is, in effect, an exhaustion requirement onto section 1170.95, thereby forcing

13

petitioners with felony-murder special-circumstances findings to obtain habeas corpus relief first, before seeking section 1170.95 resentencing. In their view, because *Banks* and *Clark* 'construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute' (*Torres, supra*, 46 Cal.App.5th at p. 1179, review granted), it is not appropriate to give a pre-*Banks* and *Clark* felony-murder special-circumstance finding preclusive effect." (*Secrease, supra*, 63 Cal.App.5th at pp. 253–254, review granted.)

Agreeing with this line of cases, the *Secrease* court concluded that, while "it is true that the language of section 189, subdivision (e)(3) tracks language that has always been a part of section 190.2, subdivision (d), *Banks* and *Clark* placed new limits on its meaning. Because we must presume the Legislature knows and acts against the backdrop of existing case law [citations], the language of section 189, subdivision (e)(3) as enacted by the Legislature in 2018 necessarily carries the meaning announced in *Banks* and *Clark*, since both cases were on the books when Senate Bill 1437 was passed and signed by the Governor." (*Secrease, supra*, 63 Cal.App.5th at p. 254, review granted; see *York, supra*, 54 Cal.App.5th at p. 261, review granted ["What permits a defendant convicted of felony murder to challenge his or her murder conviction based on the contention that he or she was not a major participant in the underlying felony who acted with reckless indifference to human life are the changes Senate Bill 1437 made to sections 188 and 189, and in particular the addition of section 189, subdivision (e)(3), not the rulings in *Banks* and *Clark*"].)

Thus, "[i]f the factual findings underlying a jury's felony-murder special-circumstance determination are legally insufficient under *Banks* and *Clark*, we do not see how those findings can conclusively refute a prima facie

14

showing of entitlement to resentencing relief. Because the changes made to section 189 prevent a defendant from being convicted of murder solely for his participation in the offense without findings of major participation and reckless indifference to human life, we conclude that a jury's pre-*Banks* and *Clark* special circumstance determination cannot, by itself, defeat the allegations of [the defendant's] petition as a matter of law. There must also be a judicial determination of the sufficiency of the evidence to support that determination, and [the defendant] is entitled to have it made in a section 1170.95 proceeding—under current law." (*Secrease, supra*, 63 Cal.App.5th at p. 256, review granted.)

Mindful that this issue will soon be decided by the California Supreme Court (see *People v. Strong, supra*, S266606), we endorse the position just set forth, and hold in line with *Secrease*, *Torres*, *York*, *Arias* and others[5] that (1) a pre-*Banks*/*Clark* special circumstance finding is not a categorical bar to section 1170.95 relief and (2) a defendant may challenge a jury's special circumstance finding under *Banks*/*Clark* when petitioning for section 1170.95 relief even if he or she has not first done so by habeas corpus. (See *In re Scroggins, supra,* 9 Cal.5th at pp. 673–674 [" 'habeas corpus *or other appropriate extraordinary remedy* will lie to rectify [*Banks/Clark*] error' " (italics added)].)

## II. *While an appellate court could in the first instance decide whether a felony-murder special-circumstance finding remains valid under current California law, we lack a sufficient record to do so here.*

In this case, at the prosecutor's request, the trial court took judicial notice of the following documents: (1) a copy of the opinion in *People v.*

---

[5] In the name of judicial efficiency, we adopt and incorporate herein the more detailed analyses on this issue set forth by these appellate courts.

15

*Mendoza, supra*, 23 Cal.4th 896; (2) CALJIC No. 8.80.1, the special circumstance instruction read to the jury in this case; (3) pages 14431–14433 of the reporter's transcript from the trial proceeding in which the jury was instructed on felony murder and special circumstance felony murder; (4) the signed verdict forms in this case; and (5) CALCRIM No. 540B as revised in April 2020, incorporating the new language added to section 189 by Sen. Bill 1437.

This record reflects that the jury was instructed for purposes of the special circumstances allegations, "A defendant acts with reckless indifference to human life when such defendant knew or was aware that his acts involved an extreme likelihood that such acts could result in the death of an innocent human being."[6] No definition of "major participant" was given.

The only judicially noticed document containing a description of the underlying facts of this case is the *Mendoza* opinion. As the respondent's brief readily admits, the *Mendoza* court considered only the legal issue of the

---

[6] Specifically, the jury was instructed in relevant part: "If you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true.

"If you find that the defendant was not the actual killer of a human being, or if you are unable to decide whether defendant was the actual killer or an aider and abettor, you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that such defendant, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested or assisted any actor in the commission of the murder in the first degree, or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted in the commission of the crime of robbery or burglary at The Lord's Church which resulted in the death of a human being, namely Dan Elledge.

"A defendant acts with reckless indifference to human life when such defendant knew or was aware that his acts involved an extreme likelihood that such acts could result in the death of an innocent human being."

proper construction of section 1158, a provision requiring the jury to find the degree of the crime when finding a defendant guilty of a crime that is distinguished into degrees. (See *Mendoza, supra*, 23 Cal.4th at p. 907.) As such, *Mendoza* lacks a detailed statement of facts, leaving us unable to assess the degree of defendant's participation in or mental state during the felony murder. Defense counsel apparently argued that codefendant Mendoza fired the fatal gunshots and that defendant "lacked the mental state a mere participant must have for a true finding on the special circumstances allegations." However, the only evidence referenced in *Mendoza* that supports these arguments was evidence that defendant suffered from posttraumatic stress syndrome relating to prior combat experience in El Salvador. (*Mendoza, supra*, 23 Cal.4th at p. 904.)

Accordingly, we must remand this matter to the trial court: (1) to determine in the first instance whether there is sufficient evidence to uphold the jury's special circumstance findings under the *Banks/Clark* standard; and (2) if there is not such evidence, to conduct a prima facie review of defendant's petition for resentencing in accordance with section 1170.95, subdivision (c) (as amended effective January 1, 2022).[7]

## DISPOSITION

The trial court's summary denial of defendant's petition for resentencing under section 1170.95 is reversed, and the matter is remanded for further proceedings consistent with this opinion.

---

[7] See footnote 2, *ante*, p. 2.

_____

Jackson, P. J.


WE CONCUR:


_____

Simons, J.


_____

Burns, J.


A162298/*People v. Raul Antonio Valle*

18